Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd. Ste. 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT,

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RUBY BILDUCIA | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| THUNDERBIRD COLLECTION SPECIALISTS, INC. | |
| Defendant. | |

### COMPLAINT

RUBY BILDUCIA by her attorneys, KROHN & MOSS, LTD., alleges the following against THUNDERBIRD COLLECTION SPECIALISTS (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt

1. collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Phoenix, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a company with a business office in Scottsdale, Arizona.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Defendant incessantly calls Plaintiff at her work at 602-276-5505, despite being told not to call Plaintiff at her work.

13. Defendant leaves messages with the Plaintiff's co-workers stating that if Plaintiff does not call Defendant back regarding Plaintiff's alleged debt, Defendant demands a return call from Plaintiff's boss, Dr. Yocham.  (See Exhibit "A").

14. Defendant calls and uses deceptive names with Plaintiff's co-workers, knowing that Plaintiff's co-workers will be misled into believing that Defendants are calling with business relating to the veterinary practice where Plaintiff works.  (See Exhibit "B").

15. Defendant places telephone calls without meaningful disclosure of the caller's identity.

16. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay her alleged debt, even though Defendant does not intend to do so.

17. Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay her alleged debt, event though Defendant does not intend to do so.

18. Defendant threatened to place a lien on Plaintiff's property if Plaintiff did not pay her alleged debt, even though Defendant does not intend to do so.

## COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by stating to Plaintiff's co-workers that Plaintiff owes a consumer debt.  (See Exhibit "A" and "B").

b. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's co-workers in connection with the collection of Plaintiff's alleged debt. (See Exhibits "A" and "B").

c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

e. Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages when Defendant did not intend to take such action.

f. Defendant violated *§1692e(4)* of the FDCPA by threatening to place a lien on Plaintiff's property when Defendant did not intend to take such action.

g. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff when Defendant did not intend to take such action.

h. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt by placing telephone calls without meaningful disclosure of the caller's identity.

i. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt by threatening to garnish Plaintiff's wages when Defendant did not intend to take such action.

j. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff when Defendant did not intend to take such action.

k. Defendant violated *§1692e(10)* of the FDCPA by using false representations and

    deceptive means in an attempt to collect a debt by threatening to place a lien on Plaintiff's property when Defendant did not intend to take such action.

    **l.** Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt by calling and using deceptive references when speaking with Plaintiff's co-workers, knowing that Plaintiff's co-workers will be misled into believing that Defendants are calling with business relating to the veterinary practice where Plaintiff works**.** (See Exhibit "A").

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "C").

21. WHEREFORE, Plaintiff, RUBY BILDUCIA, respectfully requests judgment be entered against Defendant, THUNDERBIRD COLLECTION SPECIALISTS, INC., for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RUBY BILDUCIA, demands a jury trial in this cause of action.

                                        RESPECTFULLY SUBMITTED,

DATED:  June 26, 2009                KROHN & MOSS, LTD.

                                      By: /s/ Ryan Lee
                                             Ryan Lee, Esq.

                                             Attorney for Plaintiff

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, RUBY BILDUCIA, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RUBY BILDUCIA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 6/24/09          _Ruby M. Bilducia_
                       RUBY BILDUCIA

**EXHIBIT A**

COMPLAINT

06/25/2009

To Whom It May Concern:

On June 10th 2009, Mr Gilbreath telephoned and asked to speak with Ruby Bilducia, I proceed to inquire as to who was calling and to what matter, He was calling from TCS Financial regarding a personal financial matter. I placed Mr. Gilbreath on hold and advised Ms. Bilducia of the call.

Mr. Gilbreath was left on hold due to Ms. Bilducia not not wanting to take the call due to the nature of sever harassing phone calls from TCS. About thirty minutes later Mr. Gilbreath called back in an irrated and demanding tone and asked to leave a message for Ms. Bilducia stating she must call him back, if not her then he needs Dr. Yocham to return his call.

After several calls from Mr Gilbreath I advised him that Ms. Bilducia was not able to receive personal calls at the office.

Teresa Deleon

**PHONE CALL**

FOR: Gby Tauby
M: Mr. Gilbreth
OF: TCB Inc
PHONE: 480-946-3259 x231
FAX #: Case # 5/6/99
DATE: 6/30/99  TIME: __ A.M./P.M.

MESSAGE: Wants Nathan Call it
not Sunday then on
Tuesday

☐ TELEPHONED
☐ RETURNED YOUR CALL
☑ PLEASE CALL
☐ WILL CALL AGAIN
☐ CAME TO SEE YOU
☐ WANTS TO SEE YOU

**EXHIBIT B**

COMPLAINT

06/25/2009

To Whom It May Concern:

On June 11th 2009, Ms. Green telephoned Southside Animal Hospital and asked to speak to Ruby Bilducia. I advised her that Ruby was in surgery and could not take personal calls at this number. She proceeded to ask for our fax number. I asked where she was calling from and why she needed it because we receive unsolicited junk faxes every day. She said she was from Thunderbird Specialist and was going to fax some information to her. I gave her the fax number because we deal with many animal specialists and she lead me to believe that she was one of the specialists wanting to fax over some patient history.

A few minutes later Ms. Green called back asking to speak to Dr. Yocham or the person in charge of payroll. I asked her who she was, she said her name was Ms. Green From TCS. I proceeded to tell her that it would be Donna, but that Donna was not in the office. She asked me if Donna would also be the person in charge of wage garnishments and with hesitation I told her I believe she would be. She proceeded to indicate that she was going to fax some forms to Donna regarding a garnishment of one of our employees wages. I repeated to her that Donna was not in. She said thank you and good bye.

As I was hanging up the telephone, I heard something coming through the fax machine. I rushed over to the machine because it is readily available for anyone here to access it, due to the fact that we receive laboratory results and referrals on a daily basis.

I also knew something personal for Donna regarding one of our employees was going to be faxed. There were lab results waiting to be read along with forms from TCS with Ruby's personal information.

TCS calls Ruby 2-3 times in the morning and 2-3 times in the afternoon. She has us screen her calls due to the nature, frequency, and severity of their calls.

Veronica Flores



PHONE CALL
FOR: Donna
M: Ms. Green
of: Anubhava Specialist
PHONE: 480-946-3399
FAX #:
MESSAGE: Please call re:
Case # 511919

☑ PLEASE CALL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT C</u>**

COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I HAVE CONCIDERED BK DUE TO THE POSSIBILITY OF LOSING MY HOME. I HAVE NEGLECTED MY TIME WITH MY CHILDREN BY WORRING ABOUT WHAT COULD HAPPEN!!! MY CHILDREN WORRY + WONDER WHY I CRY_

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/24/09

_Ruby M. Bilducia_
(Signed Name)

_Ruby M Bilducia_
Printed Name